UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LISA RAMSKILL | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| INTERNATIONAL INTERACTIVE GROUP INC. *dba* Travel iig | ) | |
| Defendant | ) | |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

**I.   INTRODUCTION**

1. This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq*, Mass. Gen. Laws ch. 159C *et seq*, and all applicable common law causes.

**II. JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, for the TCPA claims. *See also* Mims v. Arrow Financial Services, 132 S. Ct. 740 (2012) (resolving a split between the Circuits and holding that Federal Jurisdiction does exist for private TCPA claims).

2. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here in the District of Massachusetts.

**III. PARTIES**

3. Defendant International Interactive Group Inc. *dba* Travel iig is a corporation with a principal address of 725 West State Road 434, Ste. F, Longwood, FL 32750.

4. Defendant has a Registered Agent of Kiet Luu, 4025 Flowering Stream Way, Oviedo, FL 32766.

5. Plaintiff is a natural person at all times relevant residing in the State of Massachusetts, County of Essex.

### IV. FACTUAL ALLEGATIONS

4. The Plaintiff received a call from the Defendant on August 10, 2015 on her landline telephone. She then specifically requested a Do Not Call designation for her phone on that date.

5. The Plaintiff received a call from the Defendant on August 31, 2015 on her residential telephone.

6. The Plaintiff received a call from the Defendant on September 8, 2015 on her residential telephone.

7. The Plaintiff received an additional call from the Defendant on September 17, 2015 on her residential telephone.

8. Although the Plaintiff only happened to receive and specifically note and save evidence of the four foregoing calls, she will testify that she received approximately two such calls per week for several weeks.

9. During those calls the Defendant attempted to sell their services to the Plaintiff. The calls were telemarketing calls.

10. The content of these calls was a prerecorded voice advertisement to sell services and solicit business from the Plaintiff.

11. The Plaintiff did not authorize these calls and <u>specifically</u> requested that the Defendant cease calling her telephone, yet the Defendant continued to make calls.

12. Such calls were harassing oppressive and annoying. These were the very telemarketing calls the TCPA was designed to prevent. The Defendants therefore have willfully or negligently violated Federal law by sending out such calls.

13. An as yet unknown number of consumers have the same or similar claims against the Defendant.

## V.     CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of himself and a class of similarly situated individuals as defined below:

> All persons in the United States of America who within the last four years received telemarketing calls from International Interactive Group Inc. on their residential or cellular telephones using a prerecorded voice message and who did not consent to such calls.

(the "Class").  Excluded from the Class are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

15. The proposed Class is believed to be so numerous that joinder of all members is impracticable.  The exact number of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The proposed Class is believed to be ascertainable in that the contact information of all members of the Class can be identified in business records maintained by Defendant or the Defendant's principal or agent.

16. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all Class members' claims originate from the same conduct, practice and procedure on the part of the Defendant and Plaintiff has suffered the same injuries as each member of the class.  Like all proposed members of the Class, Plaintiff received telemarketing calls from the Defendant to her residential telephone which utilized a prerecorded voice message.

17. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced in consumer protection litigation.  Plaintiff's counsel has co-

counseled consumer class action litigation and has an established ongoing association with experienced consumer class action attorneys with nationwide reach and resources.

18. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

19. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the Class. Among the issues of law and fact common to the Class are:

   i. Defendant's violations of the TCPA as alleged herein;
   ii. The existence of Defendant's identical conduct particular to the matters at issue; including but not necessarily limited to the placement of telemarketing calls to residential and cellular telephone numbers using a prerecorded voice message.

20. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

21. A heretofore unknown number of consumers are without a remedy for these violations of Federal Law.

## VI. CLAIMS FOR RELIEF

### COUNT I
### DEFENDANT'S VIOLATIONS OF 47 U.S.C. 227

22. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated

within this count.

23. The TCPA makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B)."[1]

24. The Statutory scheme of the TCPA provides for a private action for violations of the statute: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State- (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3).

25. "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

26. "[A]n act may be 'intentional' for purposes of civil liability even if the actor lacked actual knowledge that [their] conduct violated the law." Jerman v. Carlisle, McNellie, Rini, Kramer, 130 S. Ct. 1605, 1612 (2010). *See also* Kolstad v. American Dental Assn., 527 US 526, 549

---

[1] "Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party, unless the call… (ii) Is not made for a commercial purpose; (iii) Is made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing…" 47 C.F.R. § 64.1200(a)(3)(ii) and (iii).

(1999) (holding that willful violations can be found where a defendant acts with "careless" or "reckless" disregard for federally protected rights).

27. Here, Defendant has used a prerecorded voice to call the Plaintiff on her residential telephone.

28. The purpose of the call was solicitation.  It was a telemarketing call.

29. The Defendant did not have her consent to contact her residential telephone.

30. The Defendant made this call with careless or reckless disregard that their conduct violated the law.

31. The nature of the Defendant's conduct towards the Plaintiff implies that they have conducted these violations in a widespread manner.

32. A heretofore unknown number of consumers have the same or similar claims against the Defendant and are entitled to the relief provided for by Federal Law.

WHEREFORE, Plaintiff requests this Honorable Court enter the following relief:

   a. Determine that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

   b. Adjudge that Defendant violated 47 U.S.C. § 227;

   c. Enjoin the Defendant from any further violations of 47 U.S.C. § 227;

   d.  Award Plaintiff and members of the Class statutory damages for each phone call made in violation of this statute, pursuant to 47 U.S.C. § 227(b)(3);

   e. Award Plaintiff and members of the Class triple damages pursuant to 47 U.S.C. § 227(b)(3);

   f. Award Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    g. Approve or award attorneys' fees as appropriate for representing the plaintiff and the class;

    h. Issue such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT'S VIOLATIONS OF MASS. GEN. LAWS CH. 159C §3

33. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

34. "A telephone solicitor shall not make or cause to be made an unsolicited telephonic sales call to a consumer… (iv) by use of a recorded message device." Mass. Gen. Laws ch. 159C §3.

35. "A person who has received more than 1 unsolicited telephonic sales call within a 12 month period by or on behalf of the same person or entity in violation of this chapter may: (i) bring an action to enjoin the violation; (2) bring an action to recover for actual monetary loss from such knowing violation or to receive not more than $5,000 in damages for such knowing violation, whichever is greater; or (3) bring both such actions." Mass. Gen. Laws ch. 159C §8(b).

36. "In a civil proceeding resulting from a transaction involving a violation of this chapter, the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall be awarded reasonable attorney's fees and costs from the nonprevailing party." Mass. Gen. Laws ch. 159C §8(c).

37. The Defendant used a prerecorded voice message to make an unsolicited telephonic sales call to the Plaintiff at least four separate times.

38. Calls to the Plaintiff continued even after she requested that the calls cease.

39. The Defendant thus made this call with careless or reckless disregard that their conduct

violated the law.

40. The nature of the Defendant's conduct towards the Plaintiff implies that they have conducted these violations in a widespread manner.

41. A heretofore unknown number of consumers have the same or similar claims against the Defendant and are entitled to the relief provided for by Massachusetts Law.

WHEREFORE, Plaintiff requests this Honorable Court enter the following relief:

   a. Adjudge that Defendant violated Mass. Gen. Laws ch. 159C §3;

   b. Enjoin the Defendant from any further violations of Mass. Gen. Laws ch. 159C §3;

   c. Award Plaintiff statutory damages for each phone call made in violation of this statute, pursuant to Mass. Gen. Laws ch. 159C §8;

   d. Award Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   e. Approve or award attorneys' fees as required by law. Mass. Gen. Laws ch. 159C §8(c).

   f. Issue such other and further relief as the Court may deem just and proper.

## COUNT III
## INVASION OF PRIVACY

42. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

43. Defendant invaded the peace and quiet enjoyment of Plaintiff's life and home through repeated phone calls and messages.

44. defendant without right or justification intruded upon the physical and mental solitude or seclusion of the Plaintiff.

45. Defendant therefore invaded the privacy of Plaintiff by intrusion upon seclusion.

46. Plaintiff suffered damages in loss of enjoyment of life, increased stress, mental and emotional disturbance.

WHEREFORE, Plaintiff prays for relief, Judgment in their favor, and an award of damages.

**PLAINTIFF IS ENTITLED TO AND HEREBY DEMANDS TRIAL BY JURY**

Dated: February 28, 2017

Respectfully submitted,
Counsel for the Plaintiff,
and the proposed Class,

/s/ John F. Skinner, III
ATTY. JOHN F. SKINNER, III
[BBO#676768]
Associated Attorneys of New England
587 Union Street
Manchester, NH 03104
Tel: (603) 622-8100
Fax: (888) 912-1497
AttorneySkinner@gmail.com